996 So.2d 254 (2008)
Emory Lamar "Buddy" HUNT, Appellant,
v.
STAFF LEASING and Liberty Mutual Insurance Company, Appellees.
No. 1D07-6455.
District Court of Appeal of Florida, First District.
December 12, 2008.
Edwin A. Green, II, Tallahassee, for Appellant.
Tara L. Sa'id of Law Office Amy Warpinski, Jacksonville, for Appellees.
PER CURIAM.
Claimant appeals the Judge of Compensation Claims' (JCC) ruling that she lacked jurisdiction to require the employer/carrier (E/C) to correct its records with regard to benefits it provided Claimant. We reverse.
The E/C paid attendant care to Claimant's wife, but filed 1099 forms attributing the income to Claimant's social security number. The E/C's error resulted in a substantial tax liability for Claimant. Claimant sought to have the E/C correct its records and send corrective documents to the IRS to cure the problem.
The E/C acknowledged its error and the consequences to Claimant flowing therefrom, but declined to correct its error. Instead, the E/C argued the JCC lacked jurisdiction to resolve the issue because it was essentially a tax dispute. The JCC agreed and, in so doing, erred.
The issue before the JCC was not a tax dispute. Rather, it involved Claimant's attempt to have the E/C correct an admittedly harmful technical error in the manner by which it provided medical benefits to Claimant.
Section 440.13(2)(b), Florida Statutes, requires an e/c to provide attendant care in a certain manner. The E/C here reported the payments to the IRS as if it had paid them to Claimant and not his attendant-care provider. Pursuant to section 440.33(1), Florida Statutes, which provides the JCC has the power to "do all things conformable to law which may be necessary to enable the judge effectively to discharge the duties of her ... office," the *255 JCC had jurisdiction to effect the appropriate provision of medical benefits in accordance with the statute. Because the JCC had jurisdiction to order the E/C to correct its reporting mistake, we REVERSE and REMAND for proceedings consistent with this opinion.
LEWIS and THOMAS, JJ., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.